**ORDERED in the Southern District of Florida on October 31, 2012.**

A. Jay Cristol, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

**IN THE MATTER OF:** **Case No.: 12-12736-AJC**

**RICARDO GREGORI** **Chapter: 13**

**Debtor**
**_______________________/**

**AGREED ORDER ON MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANK OF AMERICA D.E. #45**

THIS CASE came to be heard on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property held by Bank of America, N.A.* (Docket Entry #45). Lender Bank of America had filed an Objection to Motion to Value and Determine Secured Status of Lien on Real Property Held by Bank of America (D.E. #58) Based upon the Debtor's assertions made in support of the Motion, that the parties' have reached an agreement, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A. The value of Debtor's real property (the "Real Property") located at 12262 SW 214 Lane, Unit 2, Miami, FL. 33177, more particularly described as

**Legal Description**: **Unit 2, in Building 15 of IVON Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 2281, at Page 50, and**
**All amendments thereto, of the Public Records of Miami-Dade County, Florida,**
**Together with an undivided interest in the common elements appurtenant**
**Thereto, as set forth in said Declaration**

**A/K/A**

**Unit 2, Lot 10, Block 2, of IVON SUBDIVISION according to the Plat thereof, as Recorded in Plat Book 162, Page 77, of the Public Records of Miami-Dade County, Florida**

is $63,000.00, at the time of filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Bank of America, N.A., (The "Lender") is $0.00.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $63,000.00.

3. Lender has filed proof of claim 5-1 in the amount of $178,624.29. The Trustee shall not disburse any payments to Lender unless a proof of claim is timely filed. The claim shall be classified as a secured claim in the amount of $63,000.00 and as a general unsecured claim in the amount of $115,624.29 regardless of the original classification in the proof of claim as filed.

4. Lender's secured claim shall be paid during the plan by the Debtor paying principal and interest of $1196.12 per moths one (1) through sixty (60) at 5.25% interest, for a total of $71,676.20.

5. The property taxes and insurance will be paid by the debtor outside of the plan.

8. The real property may not be sold or refinanced without proper notice and further

order of the court.

9. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

Submitted By:

RICARDO R. CORONA, ESQ.
Florida Bar No. 111333
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.